*41*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas
ENTERED

DEC 19 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| SOUTHERN PACIFIC TRANSPORTATION COMPANY | § § § | |
| VS. | § § | CIVIL ACTION NO. B-97-269 |
| NAUTILUS INSURANCE COMPANY | § | |

## MEMORANDUM OPINION

This declaratory judgment case involving an insurance coverage dispute is before the court on cross motions for summary judgment.

The facts are not in dispute.

Nautilus Insurance Company ("Nautilus") issued a general liability policy affording coverage to Norberto and Juanita Portales d/b/a Portales Motor Trucking ("Portales"). This policy named Southern Pacific Transportation Company ("Southern Pacific") as an additional insured. The policy contained an exclusion styled ABSOLUTE POLLUTION EXCLUSION. The issue before the court is whether or not that exclusion absolves Nautilus from liability for damages arising out of a tragic accident occurring on or about October 10, 1989.

Portales provided drayage service to Southern Pacific pursuant to written contracts. Portales hauled trailers between Southern Pacific yards in Brownsville and Harlingen, Texas. Portales would load these trailers on Southern Pacific flatcars.

Portales had another agreement with an Edinburg, Texas, firm called Azteca Milling Co. ("Azteca") to transport a grain trailer to Harlingen where it was loaded on a Southern Pacific flat car. Portales' agreement with Azteca required Portales to fumigate the trailer. Portales did this

on October 9, 1989, by placing packets containing Phostoxin[1] in the trailer, sealing the doors and placing a placard on the doors of the trailer.

The trailer was burglarized and the doors left open. Illegal aliens entered the trailer. Someone locked the trailer doors. Subsequently the bodies of the deceased illegal aliens were discovered in Victoria, Texas. Lawsuits were filed by the families of the deceased and by EMS personnel who were injured when they entered the trailer in an effort to rescue those who were locked inside.

Nautilus declined the invitation of Southern Pacific to defend and indemnify it. This case followed. Diversity is the basis for jurisdiction, thus Texas law governs the interpretation of the Nautilus policy.

The duties to defend and indemnify implicate different legal standards. The duty to defend arises when the four corners of the petition contain claims that fall within the policy coverage. *National Union Fire Insurance Company v. Merchants Fast Motor Lines Inc.*, 939 S.W.2d 139 (Tex. 1997). The duty to indemnify is predicated on the facts and underlying liability. *LaFarge Corp. v. Hartford Casualty Insurance Company*, 61 F.3d 389, 393 (5th Cir. 1995).

The Texas Supreme Court has held that the existence of these duties may be determined simultaneously *Farmers Texas Insurance Company v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

The Nautilus pollution exclusion reads as follows:

"It is agreed that the exclusion related to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants is replaced by the following:
    (1) to bodily injury or property damage arising out of the actual, alleged

---

[1] Phostoxin is an extremely toxic pesticide. Portales used it properly.

2

or threatened discharge, dispersal, release or escape of pollutants:
(a) at or from premises owned, rented or occupied by the Insured(s)
(b) at or from any site or location used by or for the Insured(s) or others for the handling, storage, disposal, processing or treatment of waste;

(c) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for the Insured(s) or any person or organization for whom the Insured(s) may be legally responsible; or
(d) at or from any site or location on which the Insured(s) or any contractors or subcontractors working directly or indirectly on behalf of the Insured(s) are performing operations:
  (I)  if the pollutants are brought on or to the site or location in connection with such operation: or
  (ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.
(2) to any loss, cost or expense arising out of any governmental direction or request that the Insured(s) test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.

Pollutant means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste. Waste includes materials to be recycled, reconditioned or reclaimed.

The Texas Supreme Court has stated that an exclusion identical to the Nautilus exclusion is unambiguous. *National Union Fire Insurance Company of Pittsburgh Pennsylvania v. CBI Industries Inc.*, 907 S.W.2d 517 (Tex. 1995).

The only real issue in this case is whether or not the deaths and injuries arising from exposure to Phostoxin inside the Azteca trailer are events which fall within the ambit of the unambiguous pollution exclusion . The portion of the pollution exclusion which is relevant reads "to bodily injury...arising out of the actual, alleged, or threatened discharge, dispersal, or release or escape of pollutants..." The deaths and injuries arose from exposure to Phostoxin contained within the Azteca trailer. There was no "... discharge, dispersal, or release or escape...." The Phostoxin was confined to the trailer. The terms "...discharge, dispersal, or release or escape...." are unambiguous. *Clarendon America Insurance Company v. Bay, Inc.*, 10 F. Supp. 2d 736, 744

3

(S. D. Tex. 1998). They contemplate some type of accidental or unanticipated release of pollutants that did not occur in this case. Therefore, the exclusion does not apply.

DONE at Brownsville, Texas, this 16th day of December 1999.

*[signature]*

John Wm. Black
United States Magistrate Judge

4